UNITED STATES DISTRICT COURT
District of Maine

| | | |
|---|---|---|
| JAMES DOUGHTY, a Resident of Auburn, Androscoggin County, State of Maine, ) ) ) ) | | |
| Plaintiff, ) ) ) | | |
| v. ) ) | 1:24-CV-_____ | |
| SIMPLE PLEASURES LOBSTER, INC., an entity doing business in Harpswell, Cumberland County, State of Maine, and ) ) ) ) ) | | |
| GARY HAWKES, JR., a Resident of Harpswell, Cumberland County, State of Maine, ) ) ) ) | | |
| Defendants. ) ) | | |

## COMPLAINT AND DEMAND FOR JURY TRIAL—IN ADMIRALTY

NOW COMES Plaintiff James Doughty, through his counsel at Kelly, Remmel & Zimmerman, and complains as follows:

### General Allegations Applicable to All Counts

1. This Complaint arises under the Court's general admiralty jurisdiction, 28 U.S.C. § 1333, and under the Jones Act, 46 U.S.C. § 30104.

2. Plaintiff James Doughty (hereinafter "Plaintiff" and/or "Mr. Doughty") is a resident of Auburn, Androscoggin County, State of Maine.

3. Upon information and belief, Defendant Simple Pleasures Lobsters, Inc. (hereinafter "SPL"), is an entity doing business in the State of Maine with principal offices in Harpswell, Cumberland County, State of Maine.

1

4. Upon information and belief, Defendant Gary Hawkes, Jr., (hereinafter "Mr. Hawkes") is a resident of Harpswell, Cumberland County, State of Maine.

5. At all times relevant to this action, Plaintiff James Doughty was a member of the crew of the commercial fishing vessel *Family Condition* (hereinafter the "Vessel") and acting in the course of his employment as a crewman of that vessel.

6. At all times relevant to this action, Defendants Hawkes and/or SPL owned and/or operated the commercial fishing vessel *Family Condition* and employed Plaintiff James Doughty as a crewman aboard that vessel.

7. At all times relevant to this action, Defendant Hawkes served as the captain of the commercial fishing vessel *Family Condition*.

8. At the time of the incident complained of in this action, the commercial fishing vessel *Family Condition* was a "vessel" for purposes of the Jones Act and the general maritime law of unseaworthiness.

9. At the time of the incident complained of in this action, Plaintiff was a "seaman" for purposes of the Jones Act and the general maritime law of unseaworthiness.

10. On February 13, 2021, the Vessel was hauling lobster traps offshore. During the hauling operation, Plaintiff's duties included grabbing the lobster traps and guiding them in the appropriate position onto the Vessel's rail as they are brought up and loaded onto the Vessel via a hydraulic power hauling system operated by Defendant Hawkes.

11. On February 13, 2021, Captain Hawkes stopped the hydraulic hauling system to allow Plaintiff to safely adjust the orientation of one of the lobster traps into the appropriate position. While Plaintiff was still grabbing, spinning, and/or manually adjusting the lobster trap, Defendant Hawkes prematurely restarted the hydraulic hauling system, crushing Plaintiff's left hand and

pulling Plaintiff's hand and the lobster trap further into the hauler for a short period of time until Defendant Hawkes eventually stopped and reversed the hauler, relieving the crush and allowing Plaintiff to release his hand from the mechanism.

12. Plaintiff suffered physical injuries, including but not limited to a crush injury to his left hand and/or wrist including a fracture, contusion(s), and nerve damage.

13. Plaintiff's injuries were incurred while in the service of the commercial fishing vessel *Family Condition*.

14. Plaintiff's injuries were not the result of any culpable misconduct by the Plaintiff.

15. Plaintiff was brought ashore following his injuries and received urgent/emergency treatment from ConvenientMD and MidCoast Hospital. Plaintiff subsequently received medical treatment at MidCoast Medical Group Orthopedics, Central Maine Healthcare Orthopedics, Orthopedic & Spine Physical Therapy, among other medical providers.

16. Plaintiff has received and continues to require medical treatment for his injuries. Plaintiff has not yet reached maximum medical improvement.

17. Plaintiff experienced and continues to experience pain and suffering as a result of his injuries.

18. Plaintiff incurred medical bills as a result of the medical treatment he received.

19. As a result of the incident, Plaintiff has permanent disfigurement, scarring, and permanent impairments.

20. Plaintiff missed work as a result of his injuries and treatment, will miss further work as treatment continues, and will not be able to return to commercial fishing work as a result of his permanent impairments and/or limitations. Plaintiff therefore incurred a loss of earnings. Plaintiff will also suffer a loss of earning capacity as a result of his injuries.

21. On or about February 13, 2021, while performing duties as a crewman onboard the vessel *Family Condition*, Plaintiff James Doughty suffered the following injuries and damages: (a) serious, painful and permanent physical injuries to his left hand and wrist; (b) nerve damage; (c) severe physical/mental pain and suffering; (d) permanent impairment; (e) lost earnings; (f) loss of earning capacity; and (g) other damages.

### Count I: Jones Act Negligence

22. Plaintiff James Doughty incorporates by reference paragraphs 1 through 21 of this Complaint into Count I.

23. At the time of his injuries, Plaintiff was a crewmember onboard the vessel *Family Condition* and met the requirement for status as a Jones Act seaman.

24. As Defendant Hawkes and/or Defendant SPL are or were Plaintiff's employer at the time of his injuries, Defendant Hawkes and/or Defendant SPL are proper defendants to a Jones Act claim for negligence. 46 U.S.C. § 30104.

25. As described above, the injuries and damages suffered by Plaintiff were caused by negligence on the part of the Defendant Hawkes and/or Defendant SPL in at least the following particulars: negligent operation of the hydraulic power hauling machinery or other equipment aboard the Vessel; failure to follow safety procedures and/or signals during the task that led to Plaintiff's injuries; failing to provide Plaintiff with a safe place to work; failing to provide proper safety equipment and procedures to prevent injury caused by the hauling/loading of equipment to the Vessel; failing to have adequate personnel onboard the Vessel to safely haul/load lobsters traps or other equipment to and from the Vessel; failing to instruct crew on safe procedures for hauling/loading equipment onto the Vessel; and failing to properly supervise persons participating in the hauling/loading operation on the Vessel.

26. As the proximate result of any or all of the foregoing negligent acts and omissions, Plaintiff James Doughty suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff James Doughty demands judgment against Defendant Hawkes and Defendant Simple Pleasures Lobsters, Inc., jointly and severally, in a fair and reasonable amount given the above-described injuries and damages along with pre-judgment interest, post-judgment interests, and costs.

## Count II: Unseaworthiness

27. Plaintiff James Doughty incorporates by reference paragraphs 1 through 26 of this Complaint into Count II.

28. Defendant Hawkes and/or Defendant SPL, as owner(s) of the Vessel, owe(s) a non-delegable duty of providing a reasonably safe vessel to all crewmembers.

29. As described above, the injuries and damages suffered by Plaintiff are the result of an unseaworthy condition of the Vessel owned and operated by Defendant Hawkes and/or Defendant SPL in at least the following particulars: failing to provide a safe workspace; failing to provide proper safety equipment and procedures to prevent injury caused by the hauling/loading of equipment to the Vessel; failing to have adequate personnel onboard the Vessel to safely haul/load equipment to the Vessel; and failing to instruct crew on safe procedures for hauling/loading equipment to the Vessel.

30. As the proximate result of any or all of the foregoing unseaworthy conditions, Plaintiff suffered the personal injuries and damages described above.

WHEREFORE, Plaintiff James Doughty demands judgment against Defendant Hawkes and Defendant Simple Pleasures Lobster, Inc., jointly and severally, in a fair and reasonable

amount given the above-described injuries and damages along with pre-judgment interest, post-judgment interests, and costs.

### Count III: Maintenance & Cure

31. Plaintiff James Doughty incorporates by references paragraphs 1 through 30 of this Complaint into Count III.

32. At the time of the above-described injuries suffered by Plaintiff, Plaintiff was employed by Defendant Hawkes and/or Defendant SPL, as a crewman aboard the commercial fishing vessel *Family Condition*.

33. As a result of the above-described injuries suffered by Plaintiff James Doughty, he is entitled to maintenance at a reasonable daily rate and cure until he reaches the point of maximum medical improvement.

WHEREFORE, Plaintiff James Doughty demands judgment against Defendant Hawkes and Defendant Simple Pleasures Lobster, Inc., jointly and severally, in a fair and reasonable amount to pay maintenance and cure owing at the time of trial, together with interest, costs, legal fees and punitive damages to the extent support by law. *See, e.g., Vaughan v. Atkinson*, 369 U.S. 527 (1962), *Atlantic Sounding Co., Inc. v. Townsend*, 557 U.S. 404 (2009).

### Jury Trial Demand

Plaintiff demands trial by jury of all counts of this Complaint. 46 U.S.C. § 30104.

Dated at Portland, Maine this 8th day of February, 2024.

/s/ Stephen W. Koerting
Stephen W. Koerting, MBN 5820
skoerting@krz.com
Attorney for Plaintiff James Doughty
KELLY, REMMEL & ZIMMERMAN
53 Exchange Street
Portland, Maine 04101
(207) 775-1020